# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TENNESSEE (MEMPHIS)

| | |
|---|---|
| ANTOINETTA ALEXANDER,<br>        Plaintiff,<br><br>vs.<br><br>EQUIFAX INFORMATION SERVICES LLC, EXPERIAN INFORMATION SOLUTIONS LLC, and TRANS UNION LLC,<br>        Defendants. | CASE NO.  2:23-cv-02556-SHM-atc<br><br>Judge Samuel H. Mays, Jr.<br>Magistrate Judge Annie T. Christoff |

## TRANS UNION LLC'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR JUDGMENT ON THE PLEADINGS

Defendant consumer reporting agency, Trans Union LLC ("Trans Union"), by counsel, respectfully submits its Memorandum in Support of its Motion For Judgement On The Pleadings (the "Motion").

The Motion should be granted in this case where *pro se* Plaintiff falsely claims that Trans Union violated the Fair Credit Reporting Act by reporting some unidentified "inaccurate personal information" and some unspecified inaccurate "account specifics," along with allegedly "unauthorized [credit] inquiries" because:

    A.    Case law holds that inaccurate personal identifying information cannot form the basis for a claim under Section 1681e(b) the FCRA because such information does not bear on a consumer's creditworthiness;

    B.    Plaintiff has failed to allege what inaccurate "account specifics" that Trans Union reported and case law holds that an inaccuracy must be alleged for a claim under sections 1681e(b) and 1681i of the FCRA; and

      C.      Plaintiff has failed to allege any facts supporting her claim that Trans Union did not have a permissible purpose for preparing consumer reports for third parties under Section 1681b of the FRCA.

## I. INTRODUCTION

*Pro se* Plaintiff alleges in this case that Trans Union violated the Fair Credit Reporting Act ("FCRA") because her credit report "contain[ed] inaccurate and or incomplete information with regards to Plaintiff's credit history." *See* Compl. ¶ 12. The specifics of *what* inaccuracies appear on Plaintiff's reports are not alleged, but to the Complaint makes vague references to "inaccurate personal information," "inaccurate or outdated addresses," and "inaccurate employment information," along with some unidentified "account specifics," and allegedly "unauthorized [credit] inquiries." *See* Compl. ¶ 12. Plaintiff claims she disputed this information with Trans Union and Trans Union "did not reasonably investigate." *Id.* ¶ 14. As a result, Plaintiff seeks declaratory judgment[1] and claims she is entitled to "not less than $10,000" because she has "been forced to deal with aggravation, humiliation and embarrassment of a lower credit score or reputation, denial of credit, stress, anxiety and mental anguish." *Id.* ¶¶ 28, 36.

## II. STANDARD OF REVIEW

A court may dismiss a complaint for failure to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(c). "When [the failure to state a claim upon which relief may be granted] defense is raised by a Rule 12(c) motion for judgement on the pleadings, courts apply the standard for reviewing a 12(b)(6) motion." *Tigrett v. Cooper*, 855 F. Supp. 2d 733, 741 (W.D. Tenn. 2012) (footnote omitted).

---

[1] Which is not available under the FCRA. *See Holmes v. Telecheck Intern., Inc.*, 556 F. Supp. 2d 819 (M.D. Tenn. 2008).

2

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plausibility standard requires a plaintiff to show at the pleading state that success on the merits is more than a "sheer possibility." *Id*. The court must take the plaintiff's well-pled allegations as true, but Plaintiff must provide "more than an unadorned, the-defendant-unlawfully-harmed me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Pleadings filed by *pro se* litigants are held to "a less stringent standard than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551, U.S. 89, 94, 127 S. Ct. 2197, 167 L.E.2d 1081 (2007). However, "the lenient treatment generally accorded to *pro se* litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). "A *pro se* complaint must still 'contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Walker v. Univ. of Tennessee Health Sci. Ctr.*, No. 2:13-CV-2337-SHM-CGC, 2014 WL 1576853 (citing *Barnett v. Luttrell*, 414 Fed. Appx. 784, 786 (6th Cir.2011).

III.   <u>ARGUMENT</u>

    **A. Case Law Holds That Inaccurate Personal Identifying Information Cannot Form The Basis For A Claim Under Section 1681e(B) The FCRA Because Such Information Does Not Bear On A Consumer's Creditworthiness.**

Plaintiff alleges that Trans Union violated Sections 1681e(b) of the FCRA for its "failure to follow reasonable procedures to ensure the accuracy of the information in Plaintiff's credit report." *See* Compl. ¶ 4. As this Court has held, a prima facie element of a claim under this section of the statute is that inaccurate information was included in a consumer report. *Cohen v. Trans*

3

*Union*, 67 Fed. Appx. 325, 327 (6th Cir. 2003) ("An essential element of a claim under the FCRA is a showing that information in a credit report is inaccurate."); *see also Jones v. Equifax Info. Services, LLC,* No. 2:18-CV-2814-JPM-CGC, 2019 WL 5872516 (W.D. Tenn. Aug. 8, 2019) ("To state a claim for willful or negligent violation under either statutory provision, Plaintiff must assert an inaccuracy in Trans Union's reporting."). Further, the FCRA defines a "consumer report" to mean:

> [A]ny written, oral, or other communication of any information by a consumer reporting agency *bearing on a consumer's credit worthiness*, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for—(A) credit or insurance to be used primarily for personal, family, or household purposes; (B) employment purposes; or (C) any other purpose authorized under section 1681b of this title.

15 U.S.C. §1681a(d)(1) (emphasis added).

Here, Plaintiff alleges that her credit file contains "inaccuracies" including "inaccurate personal information," "inaccurate or outdated addresses," and "inaccurate employment information." *See* Compl. ¶ 12. However, the Sixth Circuit has held that such "biographical information" "does not constitute a consumer report because the information does not bear on [a consumer's] credit worthiness." *Parker v. Equifax Info. Services, LLC*, No. 2:15-CV-14365, 2017 WL 4003437. The Sixth Circuit in *Parker* indicated that biographical information includes "name[s] (and aliases), address, change in address, date of birth, phone number, and social security number." *See id.; see also, e.g., Thompson v. Equifax Credit Information Serv., Inc.*, No. 00–D–1468, 2001 WL 34142847, at *1–*2 (M.D. Ala. Dec. 14, 2001) (add a soundbite); Dotzler v. Perot, 914 F.Supp. 328 (E.D. Mo. 1996), *aff'd without opinion*, 124 F.3d 207 (8th Cir. 1997) (same); *Trans Union Corp. v. F.T.C.*, 81 F.3d 228 (D.C. Cir. 1996) (same).

4

Here, Plaintiff has alleged that Trans Union is furnishing an inaccurate address, an incorrect spelling of her name and unidentified inaccurate employment information. *See* Compl. ¶ 12. However, these inaccuracies are biographical or "header information" and have no bearing on Plaintiff's credit worthiness. Therefore, because this information does not constitute a "consumer report," Plaintiff cannot establish the threshold requirement to sustain a claim under 1681e(b) of the FCRA.

### B. Plaintiff Has Failed To Allege What Inaccurate "Account Specifics" That Trans Union Reported And Case Law Holds That An Inaccuracy Must Be Alleged For A Claim Under Sections 1681e(B) And 1681i Of The FCRA.

As discussed above, a prima facie element of a claim under Section 1681e(b) of the FCRA is that inaccurate information was included in a consumer report. Although the Sixth Circuit has not adopted a bright line rule for reinvestigation claims under Section 1681i of the FCRA, the court noted that "damages would be almost impossible to prove without it." *Dickens v. Trans Union Corp.*, 18 Fed. Appx. 315 (6th Cir. 2001); *see also Deandrade v. Trans Unions LLC*, 523 F.3d 61, 67 (1st Cir. 2008) (holding, the "weight of authority in other circuits indicates that without a showing that the reported information was in fact inaccurate, a claim brought under §1681i must fail.") (agreeing with the Seventh, Ninth and Eleventh Circuits); *Khan v. Equifax Info. Sols., LLC*, No. 18-cv-6367, 2019 WL 2492762, *3 (E.D.N.Y. June 14, 2019) (collecting cases). Furthermore, a plaintiff cannot state a cause of action that a consumer reporting agency ("CRA") violates Section 1681i without alleging "how or to what extent [the agency] failed to conduct a reinvestigation." *Bailey v. Equifax Info. Servs., LLC*, No. 13-10377, 2013 WL 3305710 at *7 (E.D. Mich. July 1, 2013).

Here, Plaintiff has not alleged with the required specificity what inaccurate account information that Trans Union reported. Although Plaintiff asserts that her report contains inaccuracies including "account specifics as it relates to stating that an account was in dispute

5

within the comment section," "inaccurate reporting of the dates accounts were last active," and "inaccurate information as it pertains to account status such as account type of 1 creditor and 2 collection accounts Capital One Auto Finance, LVNV Funding and Midland Credit Management," this is not enough.  *Compare* Compl. ¶ 12 *with Petronykoriak v. Equifax Info. Services LLC*, No. 19-CV-10784, 2019 WL 2513355 (E.D. Mich. June 18, 2019) (holding that Plaintiff failed to state an FCRA claim as the complaint sets forth only conclusory allegations that do not identify what information was false). For example, although Plaintiff lists three accounts by name, Plaintiff does not allege which "account status" or "account type" is inaccurate or what the accurate reporting should be.

Additionally, to the extent that Plaintiff claims the reporting of some unidentified "account type" is inaccurate, Plaintiff has not, and likely cannot, claim that this inaccuracy is actionable because case law requires that an inaccuracy be misleading in such a way as to have an adverse impact on a credit application. *See Cowley v. Equifax Info. Services, LLC,* No. 218CV02846TLPCGC, 2019 WL 5847851 (holding that Plaintiff's FCRA claim failed because "Plaintiff submitted no proof that the report misled a creditor" and "the Sixth Circuit has repeatedly found that a personal opinion, by itself, cannot support an inaccuracy claim under the FCRA."); *Elsady v. Rapid Glob. Bus. Sols., Inc*., No. 09-11659, 2010 WL 2740154 (holding that "a plaintiff's mere assertion that a report was misleading, or even his proof the lay person would be misled, is insufficient to establish that a report was misleading and, therefore, inaccurate. At a minimum, a plaintiff must prove that a creditor or consumer of credit reports would be misled.").

    **C. Plaintiff Has Failed To Allege Any Facts Supporting Her Claim That Trans Union Did Not Have A Permissible Purpose For Preparing Consumer Reports For Third Parties Under Section 1681b Of The FRCA.**

Plaintiff's Complaint also asserts an insufficient claim that Trans Union is somehow liable under Section 1681b of the FCRA for "unauthorized inquiries." *See* Compl. ¶ 12. Section 1681b of the FCRA sets forth numerous permissible purposes under which a CRA is permitted to prepare a consumer report. *See* 15 U.S.C. § 1681b. Although a CRA may prepare a consumer report "in accordance with the written instructions of the consumer to who it relates," the consumer's consent is generally not required. *Id*. § 1681b(a).

Some of the many permissible purposes include: (1) in connection with "a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer;" (2) "for employment purposes;" (3) for "the underwriting of insurance involving the consumer;" (4) "in connection with a determination of the consumer's eligibility for a license or other benefit granted by a governmental instrumentality as required by law:" (5) as "a potential investor or servicer, or current insurer, in connection with a valuation of, or an assessment of the credit or repayment risks associated with, an existing credit obligation;" or (6) more generally "in connection with a business transaction that is initiated by the consumer" or "to review an account to determine whether the consumer continues to meet the terms of the account." 15 U.S.C. § 1681b(a)(3)(A-F).

For this reason, case law makes it clear that Trans Union cannot be liable under the FCRA for furnishing consumer reports to a person it believes will use the information for one of the several permissible purposes. *See generally Id*. *See also Scharpf v. AIG Mktg., Inc.,* 242 F. Supp. 2d 455 (W.D. Ky. 2003) (holding that "the statutory language does not limit the underwriting purpose to those occasions after someone has *applied* for insurance; nor, as Plaintiff would prefer, does it limit this purpose to obtaining a consumer report with the consumer's knowledge."); *DeBose v. Experian Info. Solutions, Inc.*, No. 8:21-cv-416-KKM-TGW, 2021 WL 9598214, at *1

7

(M.D. Fl. April 1, 2021) ("plaintiff's bald assertion that defendant wrongly disclosed his consumer report because defendant did not have written instructions from Plaintiff to do so does not state a violation of the FCRA.").

Here, Plaintiff's Complaint does not contain any facts as to how Trans Union may have violated Section 1681b of the FCRA. *See generally* Compl. Plaintiff merely states that Trans Union assembled and distributed reports to some unidentified third parties that contained "unauthorized inquiries." *Id.* ¶ 12. Even liberally construed, this is not enough to infer liability. *See generally Id*.

### IV.  CONCLUSION

For all the foregoing reasons, Trans Union respectfully requests that the Court grant the Motion, dismiss Plaintiff's Complaint in its entirety, with prejudice, and award Trans Union fees and costs incurred in defending this action, including reasonable attorneys' fees, along with such other relief as the Court deems equitable and just.

Date: July 24, 2024

                Respectfully submitted,

                */s/ Ian N. Fuqua*
                Ian N. Fuqua, Esq. (IN# 38195-49)
                 (admitted *Pro Hac Vice*)
                Quilling, Selander, Lownds, Winslett
                 & Moser, P.C.
                10333 North Meridian Street, Suite 200
                Indianapolis, IN 46290
                Telephone:  (317) 497-5600, Ext. 605
                Fax:  (317) 899-9348
                E-Mail: ifuqua@qslwm.com

                *Lead Counsel for Defendant Trans Union, LLC*

                C. Douglas Dooley – TN BPR #012962
                Leitner Williams Dooley Napolitan PLLC
                801 Broad Street, 3rd Fl.
                Chattanooga, TN 37402
                (423)265-0214
                (423)266-5490
                doug.dooley@leitnerfirm.com

                Lesley M. Floyd – TN BPR #032265
                Leitner Williams Dooley Napolitan PLLC
                1715 Aaron Brenner Drive, Suite 300
                Memphis, TN 38120
                (901)527-0214
                lesley.floyd@leitnerfirm.com

                *Local Counsel for Defendant Trans Union, LLC*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing has been filed electronically on the **24th day of July, 2024**.  Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's electronic filing.

| | |
|---|---|
| Erin P. Polly, Esq. <br> erin.polly@klgates.com | |

The undersigned further certifies that a true copy of the foregoing was served on the following parties via First Class, U.S. Mail, postage prepaid, on the **24th day of July, 2024**, properly addressed as follows:

| | |
|---|---|
| **Pro Se Plaintiff** <br> Antoinetta Alexander <br> 1410 Keating St. <br> Memphis, TN 38114 <br> alexander52061@gmail.com | |

/s/ Ian N. Fuqua
Ian N. Fuqua, Esq. (IN# 38195-49)
  (admitted *Pro Hac Vice*)
Quilling, Selander, Lownds, Winslett
 & Moser, P.C.
10333 North Meridian Street, Suite 200
Indianapolis, IN 46290
Telephone:  (317) 497-5600, Ext. 605
Fax:  (317) 899-9348
E-Mail: ifuqua@qslwm.com

*Lead Counsel for Defendant Trans Union, LLC*