IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|  |  |  |
|---|---|---|
| ANTOINETTA ALEXANDER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:23-cv-02556-SHM-atc |
| | ) | |
| EQUIFAX INFORMATION SERVICES, LLC, EXPERIAN INFORMATION SOLUTIONS, LLC, and TRANS UNION, LLC, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**ORDER GRANTING TRANS UNION'S MOTION FOR JUDGMENT ON THE PLEADINGS**

*Pro se* Plaintiff Antoinetta Alexander sues three credit reporting agencies, Equifax Information Services, LLC ("Equifax"), Experian Information Solutions, LLC ("Experian"), and Trans Union, LLC ("Trans Union"), for multiple violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681, *et seq*. (ECF No. 1). Equifax settled on June 5, 2024. (ECF No. 27). Experian settled on June 25, 2024. (ECF No. 32). Before the Court is Trans Union's Motion for Judgment on the Pleadings ("Motion"), filed on July 24, 2024. (ECF No. 39). For the reasons stated below, Trans Union's Motion is **GRANTED**.

**I.   BACKGROUND**

    **A.   Factual Background**

Plaintiff is a resident of Memphis, Tennessee. Since 2020, Plaintiff has regularly requested copies of her credit report from Equifax, Experian, and Trans Union to verify her credit information. (Compl. ¶ 10, ECF No. 1). Plaintiff alleges several inaccuracies in her reports, including: (1) misspelling of her name; (2) "inaccurate or outdated address"; (3) "inaccurate employment information"; (4) erroneous "account specifics"; and (5) "unauthorized [credit] inquiries." (Compl. ¶ 11-12, ECF No. 1).

In 2021, Plaintiff contacted all three credit reporting agencies to dispute the alleged inaccuracies in her credit report. (Compl. ¶ 14, ECF No. 1). Plaintiff demanded that the agencies reinvestigate the inaccuracies and update her report with correct information. (Compl. ¶ 14, ECF No. 1). The credit reporting agencies corresponded with Plaintiff, requesting her to verify and provide updated personal information. (Compl. ¶ 25, ECF No. 1). From 2021 to 2023, Plaintiff continued to receive credit reports that contained the alleged inaccuracies. (Compl. ¶ 25, ECF No. 1). As a result, Plaintiff asserts that she "has been forced to deal with the aggravation, humiliation, and

embarrassment of a lower credit score, denial of credit, stress, anxiety, and mental anguish[.]" (Compl. ¶ 28, ECF No. 1).

On August 31, 2023, Plaintiff filed a *pro se* complaint against all three credit reporting agencies, alleging the following:

(1) Each credit reporting agency violated 15 U.S.C. § 1681e(b) by failing to "follow reasonable procedures to ensure the accuracy of the information in Plaintiff's credit report." (Compl. ¶ 4, ECF No. 1).

(2) Each credit reporting agency violated 15 U.S.C. § 1681i by failing to reasonably reinvestigate Plaintiff's credit information after Plaintiff disputed the alleged inaccuracies. (Compl. ¶ 13, ECF No. 1, 41).

(3) Each credit reporting agency violated 15 U.S.C. § 1681b because including the alleged inaccuracies in Plaintiff's credit report constitutes "deceptive reporting practices." (ECF No. 41).

Plaintiff seeks relief, including: (1) $10,000 in compensatory damages for emotional injuries allegedly caused by a lower credit score resulting from the credit reporting agencies' FCRA violations. (Compl. ¶ 36, ECF No. 1); (2) $1,000 in statutory damages for each FCRA violation. See 15 U.S.C. §

3

1681n(a)(1) (Compl. ¶ 44, ECF No. 1); (3) $1,500 in punitive damages for the agencies' reckless noncompliance. See 15 U.S.C. § 1681n(a)(2). (Compl. ¶ 45, ECF No. 1); and (4) a court order compelling the agencies to correct or remove the alleged inaccuracies in Plaintiff's credit report. (ECF No. 41).

All three credit reporting agencies denied having "the knowledge or information sufficient to form a belief as to the truth of the allegations" and denied any FCRA violations. (ECF No. 13, 16, 23).

**B.   Procedural Background**

On June 5, 2024, Equifax settled its dispute with Plaintiff. (ECF No. 27). Twenty days later, Experian also settled. (ECF No. 32). The Court dismissed Plaintiff's actions against Equifax and Experian with prejudice. (ECF No. 42, 45).

On July 24, 2024, Trans Union filed the instant Motion, asking the Court to dismiss Plaintiff's complaint with prejudice and award Trans Union court costs and reasonable attorneys' fees. (ECF No. 39). On July 30, 2024, Plaintiff filed her response opposing Trans Union's Motion. (ECF No. 41). On August 13, 2024, Trans Union replied to Plaintiff's response. (ECF No. 43). On August 19, 2024, Plaintiff filed a sur-reply addressing Trans

4

Union's response. (ECF No. 46). The Motion is fully briefed and ripe for adjudication.

## II. JURISDICTION AND VENUE

The Court has federal question jurisdiction under 28 U.S.C. § 1331, which grants district courts original jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States, based on Plaintiff's allegation that Defendants violated the FCRA. Venue is proper in this district under 28 U.S.C. § 1931(b)(2).

## III. STANDARD OF REVIEW

"After the pleadings are closed[,] but early enough not to delay trial[,] a party may move for judgment on the pleadings." Hussey v. Equifax Information Services, LLC, 592 F.Supp.3d 688, 691 (W.D. Tenn. 2022) (citing Fed. R. Civ. P. 12(c)). "The manner of review under Rule 12(c) is the same as a review under Rule 12(b)(6)." Jelovsek v. Bredesen, 545 F.3d 431, 434 (6th Cir. 2008); See also Bates v. Green Farms Condominium Association, 958 F.3d 470, 480 (6th Cir. 2020); D'Ambrosio v. Marino, 747 F.3d 378, 383 (6th Cir. 2014)). The court "construe[s] the complaint in the light most favorable to the nonmoving party [and] accepts the well-pled factual allegations as true[.]" Barany-Snyder v. Weiner, 539 F.3d 327, 332 (6th Cir. 2008)

5

(quoting Commercial Money Ctr., Inc. v. Illinois Union Ins. Co., 508 F.3d 327, 336 (6th Cir. 2007)). The court "need not accept as true legal conclusions or unwarranted factual inferences." Commercial Money Ctr., 508 F.3d at 336; JP Morgan Chase Bank, N.A. v. Winget, 510 F.3d 557, 582 (6th Cir. 2007).

In determining a Rule 12(c) motion, the court primarily considers allegations in the complaint, but may also consider "matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint[.]" Barany-Snyder, 539 F.3d at 332 (quoting Amini v. Oberlin Coll., 259 F.3d 493, 502 (6th Cir. 2001)). A Rule 12(c) motion "is granted when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law." Winget, 510 F.3d at 582 (quoting Paskvan v. City of Cleveland Civil Serv. Comm'n, 946 F.2d 1233, 1235 (6th Cir. 1991)).

*Pro se* pleadings are held to "a less stringent standard than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007); accord Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011). However, courts do not "abrogate [the] basic pleading essentials in *pro se* suits." Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989). *Pro se* pleadings are "not exempt from the Federal Rules of Civil Procedure." Selmon-Austin v. Wells Fargo Bank, No. 2:21-cv-02724, 2022 WL 18141470, at *1 (W.D.

6

Tenn. Sep. 7, 2022). To survive a Rule 12(c) motion, a *pro se* complaint must "contain sufficient factual matter, accepted as true, to state a claim of relief that is plausible on its face." Barnett v. Luttrell, 414 Fed. Appx. 784, 786 (6th Cir. 2011) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). A claim is plausible when the factual allegation "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007)).

**IV.   ANALYSIS**

Trans Union moves for judgment on the pleadings on the ground that each of Plaintiff's FCRA claim fails as a matter of law. (ECF No. 39). Plaintiff's claims under § 1681e(b), § 1681b, and § 1681i arise from the same set of alleged inaccuracies in her credit report:

(1) *Incorrect Name*: Plaintiff alleges that the name listed in her credit report, "ANTOINETTA PEARL ALEXANDER," is incorrect. (Compl. ¶ 38, ECF No. 1).

(2) *Outdated Address*: Plaintiff alleges that "2842 E. Treasure Island, Memphis Tennessee 38117" is not her current address. (Compl. ¶ 37, ECF No. 1).

(3) *Incomplete Debt History*: Plaintiff alleges that the credit report omits the original creditors of two debt collection accounts under her name, the "LVNV FUNDING" Account and the "MIDLAND CREDIT MANAGEMENT" Account. (Compl. ¶ 39, ECF No. 1, 46).

### A.   Plaintiff's Alleged Inaccuracies Constitute the Type of Credit Information Within the Scope of the FCRA

The threshold issue is whether the alleged inaccuracies fall within the type of information covered by the FCRA. Trans Union asserts that Plaintiff's allegations address only "biographical information" that "cannot form the basis of a [FCRA] claim." (ECF No. 39). Relying on Parker v. Equifax Information Services, LLC, Trans Union argues that biographical details—such as "name, address, date of birth, phone number, and social security number"—do not constitute a credit report "because the information does not bear on a consumer's creditworthiness." No. 2:15-cv-14365, 2017 WL 4003437, at *3 (E.D. Mich. Sep. 12. 2017) (ECF No. 43).

For information to qualify as a "credit report" under the FCRA, three criteria must be met: (1) it must be "communicat[ed] by a consumer [credit] reporting agency"; (2) it must "bear on a consumer's creditworthiness[,] character[,] or general reputation"; and (3) it must be used for credit extension,

8

employment, or similar financial purposes. 15 U.S.C. § 1681a(d)(1); see also Yang v. Gov't Emps. Ins. Co., 146 F.3d 1320, 1323 (11th Cir. 1998). Typically, "biographical information" alone does not qualify as a credit report. Parker, 2017 WL 4003437, at *3; accord Thompson v. Equifax Credit Information Serv., Inc., No. 00-D-1468, 2001 WL 34142847 (M.D. Ala. Dec. 14, 2001); Dotzler v. Perot, 914 F.Supp. 328 (E.D. Mo. 1996); Trans Union Corp. v. F.T.C., 81 F.3d 228 (D.C. Cir. 1996). But "information that displays a score communicating a consumer's creditworthiness" does. Parker, 2017 WL 4003437, at *3 (citing Bickley v. Dish Network, LLC, 751 F.3d 724, 729 (6th Cir. 2014)).

Although Plaintiff's name and address may constitute "biographical information," the alleged omission in her debt history does not. (Compl. ¶ 39, ECF No. 1, 46). Viewing the record in the light most favorable to Plaintiff, the alleged omissions could lead future creditors to perceive her "credit history as incomplete," potentially resulting in "adverse credit actions" such as "charging higher interests" or "deny[ing] credit." (ECF No. 46). This case is distinguishable from Parker, where the alleged inaccuracies were standalone biographical data with no bearing on creditworthiness. Parker, 2017 WL 4003437, at *1-3. Here, Plaintiff has alleged sufficient facts for a factfinder to infer that the missing creditors from her debt

9

history could affect her creditworthiness. (ECF No. 1, 41, 46). The alleged inaccuracies are covered by the FCRA.

> **B. Plaintiff Fails to State a § 1681e(b) Claim for Failure to Ensure the Accuracy of the Credit Report**

Plaintiff alleges that Trans Union violated § 1681e(b) by "fail[ing] to follow reasonable procedures to ensure the accuracy of the information in [her] credit report." (ECF No. 1). Plaintiff asserts that the alleged inaccuracies have caused her to "experience humiliation, embarrassment, and stress due to a lower credit score" (ECF No. 41) and could further result in "potential denial of credit," because creditors may perceive her "credit history as incomplete" and take adverse credit actions "due to perceived risk or uncertainty about the legitimacy of [Plaintiff's] alleged debts." (ECF No. 46).

Under § 1681e(b), credit reporting agencies must "follow reasonable procedures to assure the maximum possible accuracy" when preparing a credit report. 15 U.S.C. § 1681e(b). However, § 1681e(b) "does not impose strict liability for incorrect information[.]" Nelski v. Trans Union, LLC, 86 Fed.Appx. 840, 844 (6th Cir. 2004). Liability arises only if the agency fails to exercise reasonable care. See Bryant v. TRW, Inc., 689 F.2d 72, 78 (6th Cir. 1982). To establish a viable § 1681e(b) claim, a plaintiff must show: "(1) the defendant reported *inaccurate*

10

information about the plaintiff; (2) the defendant either negligently or willfully failed to follow *reasonable procedures* to assure maximum possible accuracy of the information about the plaintiff; (3) the plaintiff was *injured*; and (4) the defendant's conduct was a *proximate cause* of the plaintiff's injury." Nelski, 86 Fed.Appx. at 844 (quoting Morris v. Credit Bureau of Cincinnati, Inc., 563 F.Supp. 962, 967 (S.D. Ohio 1983)) (emphasis added).

### 1. Plaintiff Sufficiently Alleges that Trans Union Reported Inaccurate Information

To satisfy the first element of a § 1681e(b) claim, a plaintiff must show: (1) that the information is reported by a credit reporting agency, and (2) the information is inaccurate. See id; see also 15 U.S.C. § 1681e(b). Trans Union concedes its role as a credit reporting agency subject to the FCRA (ECF No. 13) but disputes the inaccuracy of the information reported. (ECF No. 16, 23).

Information is inaccurate "when it is either patently incorrect *or* misleading in such a way and to such an extent that it [is] expected to have an adverse effect [on the consumer]." Twumasi-Ankrah v. Checkr, Inc., 954 F.3d 938, 942 (6th Cir. 2020) (quoting Dalton v. Cap. Associated Indus., Inc., 257 F.3d 409, 415 (4th Cir. 2001)). "A consumer can demonstrate an inaccuracy

11

where a report [is] materially misleading or incomplete, even if it is technically accurate." Id. at 943. See also Chaitoff v. Experian Information Solutions, Inc., 79 F.4th 800, 813 (7th Cir. 2023) ("false impressions can be just as damaging as false information").

Accepting all factual allegations as true, Plaintiff's complaint supports an inference that the reported information is inaccurate. Although none of the alleged inaccuracies relating to Plaintiff's name, address, or debt history appears to be "patently incorrect," they could *mislead* a potential creditor into perceiving Plaintiff's credit history as incomplete. (ECF No. 1, 46). That can adversely affect Plaintiff, because creditors often evaluate creditworthiness based on the completeness of a consumer's credit history. See, e.g., 12 C.F.R. § 202.6(b)(6) (noting that creditors may consider the completeness of credit history in evaluating creditworthiness); Jones v. Keycorp Bank, No. 07-cv-12383, 2008 WL 324126, at *2 (E.D. Mich. Feb. 6, 2008) (citing 12 C.F.R. § 202.6(b)(6)); Brief of Amicus Curiae by Consumer Data Industry Association in Support of Petitioners, at *14, Safeco Ins. Co. of America v. Burr, 551 U.S. 47 (2007) (noting that creditors may view a consumer with incomplete credit history unfavorably).

12

## 2. Plaintiff Fails to Demonstrate that her Injuries are Recoverable Under § 1681e(b)

To establish injury, a plaintiff must show "actual damages" that are "concrete and particularized," rather than "conjectural or hypothetical." Taylor v. Selection Management Systems, Inc., No. 1:18-cv-224, 2021 WL 274445, at *3 (S.D. Ohio Jan. 27, 2021) (citing Spokeo, Inc. v. Robins, 578 U.S. 330, 339 (2016)). "Actual damages for a FCRA violation may include humiliation and mental distress." Bach v. First Union National Bank, 149 Fed.Appx. 354, 362 (6th Cir. 2005); accord Casella v. Equifax Credit Info. Servs., 56 F.3d 469, 474 (2d Cir. 1995); Guimond v. Trans Union Credit Info. Co., 45 F.3d 1329, 1333 (9th Cir. 1995). However, damages based on humiliation "must rest upon some extrinsic evidence, not just upon [the] plaintiff's opinion[.]" Boris v. Choicepoint Services, Inc., 249 F.Supp.2d 851, 861 (W.D. Ky. 2003). For mental distress damages, plaintiffs must "allege more than mere conclusory statements and must reasonably and sufficiently explain the circumstances surrounding their emotional injuries." Smith v. LexisNexis Screening Solutions, Inc., 837 F.3d 604, 611 (6th Cir. 2016).

Plaintiff alleges two types of injuries in her complaint: "potential denial of credit" (ECF No. 46) and "mental anguish" (ECF No. 41). Both allegedly result from Trans Union's failure

13

to report accurate information. However, neither injury is recoverable under § 1681e(b).

Considering "potential denial of credit," Plaintiff has not shown any concrete monetary loss or identified any occasions where Plaintiff has actually been denied credit. Plaintiff has not demonstrated that she in fact received a lower credit score. Plaintiff alleges only that the inaccuracies "might prompt more conservative lending decisions[.]" (ECF No. 46). Without additional factual support, Plaintiff's injury is hypothetical.

Considering "mental anguish," Plaintiff alleges nothing other than that she "experience[d] humiliation, embarrassment, and stress[.]" (ECF No. 1, 41). That statement is conclusory. Courts require concrete, particularized facts to recognize emotional injuries, as demonstrated in Cortez v. Trans Union, LLC, 617 F.3d 688, 719 (3d Cir. 2010) (finding emotional injury when the plaintiff "suffered severe anxiety, distress, and sleeplessness that required medication"), Stevenson v. TRW Inc., 987 F.2d 288, 297 (5th Cir. 1993) (finding injury where the plaintiff was denied credit three times and experienced considerable embarrassment from having to discuss the problems with business associates), and Pinner v. Schmidt, 805 F.2d 1258, 1265 (5th Cir. 1986) (finding injury where the plaintiff was

14

denied credit from several retail stores and suffered public humiliation as a result). Plaintiff alleges no comparable facts.

Because Plaintiff cannot establish that her injuries are recoverable under § 1681e(b), the Court need not consider whether Trans Union's alleged failure to follow reasonable procedures was a proximate cause of Plaintiff's injuries. Plaintiff fails to satisfy the elements required for a § 1681e(b) claim.

### C. Plaintiff Fails to State a § 1681i Claim for Failure to Conduct a Reasonable Reinvestigation

Plaintiff alleges that Trans Union "willfully failed to conduct a reasonable reinvestigation" in violation of § 1681i by continuing to provide credit reports containing the alleged inaccuracies after Plaintiff had disputed them. (ECF No. 1).

Under § 1681i, credit reporting agencies have "a duty to reasonably reinvestigate" disputed information. See 15 U.S.C. § 1681i; see also Nelski, 86 Fed.Appx. at 847. Once a consumer disputes "the completeness or accuracy of any item of information" in her credit report, "the agency shall, free of charge, conduct a reasonable reinvestigation […] or delete the item[.]" 15 U.S.C. § 1681i(a)(1)(A). However, that duty is limited. "[I]f the agency reasonably determines that the dispute […] is frivolous or irrelevant," it may terminate the reinvestigation. 15 U.S.C. § 1681i(a)(3)(A); see also Bailey v.

15

Equifax Information Services, LLC, No. 13-cv-10377, 2013 WL 3305710, at *6 (E.D. Mich. Jul. 1, 2013).

"The elements of a § 1681i claim are the same as a § 1681e(b) claim, except that the plaintiff need not show that the agency prepared and distributed a report." Berry v. Experian Information Solutions, Inc., 115 F.4th 528, 536 (6th Cir. 2024) (citing Losch v. Nationstar Mortg., LLC, 995 F.3d 937, 944 (11th Cir. 2021)). See also Dickens v. Trans Union Corp., 18 Fed.Appx. 315, 319 (6th Cir. 2001). To establish a § 1681i claim, a plaintiff must prove: (1) inaccurate reporting; (2) unreasonable conduct; (3) concrete injury; and (4) proximate causation. See id.

Because Plaintiff cannot meet the essential elements of a § 1681e(b) claim, she also fails to state a plausible § 1681i violation. Plaintiff's § 1681i claim relies on conclusory statements without specific factual allegations about how Trans Union's reinvestigation was unreasonable. See also Bailey, 2013 WL 3305710 at *7 (holding that a plaintiff cannot state a § 1681i claim without alleging "how or to what extent [the credit reporting agency] fail[s] to conduct a reinvestigation"). Plaintiff's § 1681i claim fails as a matter of law.

16

### D. Plaintiff Fails to State a § 1681b Claim for Obtaining a Credit Report Without a Permissible Purpose

Plaintiff argues that Trans Union's failure to report accurate information constitutes "deceptive reporting practices" in violation of § 1681b. (ECF No. 41). However, § 1681b does not regulate "deceptive reporting practices." It sets forth permissible purposes under which a credit reporting agency may furnish a credit report. See 15 U.S.C. § 1681b.

Under § 1681b, a report may be prepared for a consumer who "has reason to believe" her credit information is used (1) for "the extension of credit" [to] the consumer "in connection with a credit transaction"; (2) "for employment purposes"; (3) for "the underwriting of insurance involving the consumer"; (4) for "a determination of the consumer's eligibility for a license or a benefit granted by [the] government"; (5) for "an assessment of the [consumer's] repayment risks associated with an existing credit obligation"; or (6) for the consumer's "legitimate business need[s]." 15 U.S.C. § 1681b(a)(3)(A)-(F).

Plaintiff has not alleged any facts suggesting that Trans Union furnished her credit report for an impermissible purpose. Her assertion focuses solely on alleged inaccuracies in the report, such as omission of the "original creditor information and an outdated address"—assertions irrelevant to a § 1681b

17

claim. (ECF No. 41). Plaintiff's § 1681b claim fails as a matter of law.

### E. Trans Union's Request to Allocate Court Costs and Attorneys' Fees to Plaintiff is Not Warranted by Law

Trans Union asks the Court to award "fees and costs incurred in defending [the FCRA] action, including reasonable attorneys' fees[.]" (ECF No. 39).

"[P]arties are ordinarily required to bear their own attorney's fees[.]" Buckhannon Bd. and Care Home, Inc., v. West Virginia Dept. of Health and Human Resources, 532 U.S. 598, 602 (2001). Courts "do not award[ ] fees to a prevailing party absent explicit statutory authority." Key Tronic Corp. v. United States, 511 U.S. 809, 819 (1994). In cases alleging a FCRA violation, 15 U.S.C. § 1681n provides that, "upon a finding by a court that an unsuccessful pleading, motion, or other paper filed in connection with an action under this section was filed in bad faith or for purposes of harassment, the court shall award to the prevailing party attorney's fees[.]" 16 U.S.C. § 1681n(c).

Trans Union has provided no evidence that Plaintiff's complaint was filed in bad faith or for harassment. Trans Union's request for attorneys' fees and costs is **DENIED**. The Court adheres to the general principle that each party bears its own legal expenses.

**V.   CONCLUSION**

Each of Plaintiff's claims under the FCRA fails as a matter of law. Trans Union's Motion for Judgment on the Pleadings is **GRANTED**. Plaintiff's complaint is **DISMISSED WITH PREJUDICE.**

Each party shall bear its own court costs and attorney's fees. A judgment will be entered in accordance with this order.

SO ORDERED this *10th* day of February, 2025.

                                          /s/ *Samuel H. Mays, Jr.*
                                          SAMUEL H. MAYS, JR.
                                          UNITED STATES DISTRICT JUDGE